## W. N. OWENS *v.* F. M. COX.

**New Trial — Suit in Equity.**

    In a suit in equity to vacate a judgment rendered by default, the averments of the petition must bring the case within the revisory powers of the court as limited and defined by section 579 of the Civil Code of Practice, and where the facts alleged do not constitute any one of the grounds prescribed by said section a judgment which is sought to be vacated or modified thereby will not be disturbed.

APPEAL FROM PULASKI CIRCUIT COURT.

January 20, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

This was a suit in equity to vacate a judgment rendered by default in the Pulaski Circuit Court in favor of the appellee, F. M. Cox, against Owens, on the 1st day of April, 1865, for the sum of $145 with interest from 16th of March, 1863, subject to a credit of $30.

The petition alleges, in excuse of the failure of appellant to appear and defend the action, that although served with a summons nearly two years prior to the judgment, he was in the military service of the United States, and part of the time a prisoner of war, till in February, 1865, when he returned home; that in the confusion of the times and the returning home after a long absence, and settling his accounts as an officer in the Federal army, as he was compelled to do immediately under heavy penalties, he overlooked and forgot for the time being that such an action was pending against him, or that process had been served on him; and he knew no better until after judgment was rendered and execution was issued. The petition further alleges that appellant at the time the process was served on him employed counsel to defend the action, who promised to attend to the case and file an answer, and he supposed the defense had been made, and knew no better until after the judgment had been rendered.

The Civil Code of Practice, section 579, prescribes the grounds on which a judgment or final order may be vacated or modified in the court in which it was rendered, after the expiration of the term at which such judgment or order was rendered, and unless the averments of the petition of the appellant are sufficient to bring his case within the revisory power of the Circuit Court, as

it is thus limited and defined by the Code, he was not entitled to any relief, although the judgment which he seeks to revise may have been unauthorized and reversible in this court. (Anderson *v.* Anderson, 18 B. Mon. 98.) And as the facts alleged by the appellant do not, in our opinion, constitute any one of the grounds prescribed by said section of the Code for vacating or modifying the judgment, the judgment dismissing the appellant's petition and dissolving his injunction is affirmed, with damages.

*Owsley & Burdett,* for appellant.

*McKee, Fox & Van Winkle,* for appellee.